IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHARON DUMAS                                                   PLAINTIFF

v.                           No. 4:12-cv-206-DPM

KROGER LIMITED PARTNERSHIP I
d/b/a KROGER                                          DEFENDANT

ORDER

Dumas filed this employment discrimination lawsuit earlier this year. Kroger moves to dismiss Dumas's complaint. *Document No. 9*. In response, Dumas moves to amend her complaint. *Document No. 13*. Through the back and forth between the parties, several issues have resolved themselves. For one, Kroger withdrew its motion to dismiss Dumas's retaliation claim. And Dumas acknowledged that she failed to exhaust her administrative remedies on her sex-discrimination claims. Her proposed amended complaint omits all these claims. This leaves, as the Court sees it, two issues for resolution: (1) whether Dumas has pleaded sufficient facts to state a disability-discrimination claim; and (2) whether Dumas's age-discrimination claim is timely.

**1. Disability-Discrimination Claim.** Federal Rule of Civil Procedure 8 does not require detailed fact pleading, "but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain enough facts, accepted as true, to state a facially plausible claim. *Ibid.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.*

Dumas's proposed amended complaint contains enough facts to cross *Iqbal*'s plausibility threshold on disability discrimination. Could she have pleaded these claims with greater factual detail? Unquestionably. But, again, detailed fact pleading is not required. Dumas has stated facially plausible claims. Kroger's motion to dismiss Dumas's disability-discrimination claims is therefore denied.

**2. Timeliness of Age-Discrimination Claim.** Dumas filed her discrimination charge with the EEOC on 29 June 2011. In the "discrimination based on" section, she marked race, disability, and retaliation. She did not mark age. She also wrote that the earliest date of discrimination was 21 June 2011 and that the latest was 29 June 2011 — the day she filed the charge. She did not check the "continuing action" box. A few months later, in January

2012, Dumas amended her discrimination charge. In the "discrimination based on" section she added age. She left the discrimination dates the same, but marked the "continuing action" box. She also added more details about the nature of her claims. Kroger argues that Dumas's age-discrimination claim is untimely because she filed it just more than 180 days after the alleged discrimination took place. 29 U.S.C. § 626(d)(1)(A).

The EEOC's regulation about amending a charge provides guidance here:

> A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.

29 C.F.R. § 1601.12(b). In a strikingly similar case, the Eighth Circuit added that "procedural requirements should not be applied with an unrealistic or technical stringency to proceedings initiated by uncounselled complainants." *Washington v. Kroger Co.*, 671 F.2d 1072, 1076 (8th Cir. 1982). And though some Courts of Appeals have taken the view that an amendment will not relate back if it advances a new theory of recovery, that is not the Eighth

Circuit's view. *Compare, e.g., Washington*, 671 F.2d at 1076, *and Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463–64 (5th Cir. 1970), *with Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1327 (10th Cir. 1999), *and Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 963–64 (4th Cir. 1996).

Accepting as true all the allegations in Dumas's complaint, Dumas's claims are all connected—her claims overlap and involve the same cast of characters and factual backdrop. The Court concludes that Dumas's addition of her age-discrimination claim fits squarely within § 1601.12(b): her amendment "clarif[ied] and amplif[ied] allegations made" in her initial charge and "alleg[ed] additional acts . . . growing out of the subject matter of the original charge[.]" Thus, her age claim relates back to her initial, timely charge. *Washington*, 671 F.2d at 1076. Kroger's motion to dismiss on this point is therefore denied.

* * *

Motion to dismiss, *Document No. 9*, denied. Motion for leave to file first amended complaint, *Document No. 13*, granted. New complaint due by 21

August 2012. Kroger should answer; and with the viable allegations clarified, the parties must now move the case forward.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

14 August 2012